**Woodrow MATNEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1965.

L. D. May, Pikeville, for appellant.

Robert Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant, Woodrow Matney, was indicted for murder, malicious striking and wounding with intent to kill, and for carrying concealed a deadly weapon, a pistol, and an agreed order was entered consolidating all three of the indictments for trial. He was acquitted of the two more serious charges, but was convicted of carrying concealed a deadly weapon, a pistol, and was sentenced to five years in the penitentiary. In appealing the judgment of conviction he contends there was not sufficient evidence presented to convict him and that his conviction was the result of passion and prejudice.

As could be expected, the bulk of the testimony pertained to the charge of murder and the charge of malicious striking with intent to kill. The tragedy occurred during the hiring of men by a contractor for road work and an altercation which arose at the time. According to the appellant, he and his friend, Clyde Spence were in a trailer which was being used as an employment office and were attacked by several men of a rival union, and the appellant whipped out his pistol, the gun discharged accidentally killing Joe Coleman, one of the attackers. The appellant said he had been tearing down a building on his place and had stuck the pistol in his pocket for protection against copperhead snakes

which had killed one of his dogs in that area, and that he forgot he had the gun when Spence picked him up to have him help sign up the men for the road work. It was the appellant's contention the pistol was visible.

Many witnesses testified when they saw appellant they saw no pistol on him that morning. Two witnesses said they saw the pistol hanging out of Matney's pocket. Apparently the only armed men were Spence and Matney and Spence said he did not know Matney had a pistol until Matney used it on Coleman.

The appellant argues that he was at the trailer twice on that morning and the first time he had no gun with him, so it was obvious that no gun was seen on that occasion. He insists that the Commonwealth failed to establish on which occasion its witnesses saw no gun on the appellant and, as a consequence, it must be concluded that it was at the time of his first visit. He claims that he procured the pistol after his first trip to the trailer, that he procured it for protection against copperheads which might have been lurking under the building he was wrecking, that he forgot he had the gun on his second visit to the trailer, and that, in any event, it was not concealed but visible.

We think there clearly was enough evidence to sustain the conviction— that it clearly was a case for a jury to determine whom and how much to believe. Nor are we impressed with the argument that the jury felt compelled to convict on this charge after clearing appellant of the charge of murder and the charge of striking with intent to kill. A conviction on the least charge of a trio of charges is no evidence of passion and prejudice.

In his final argument, the Commonwealth's Attorney referred to the deceased, Coleman, by saying "He (Coleman) probably ate his breakfast and told his good wife goodby for the last time," and the appellant asserts the remark was highly prejudicial to him. When he objected to the remark, the trial court sustained the objection, but did not admonish the jury to not consider it. Counsel requested no such admonition. Sustaining the objection was sufficient to avoid serious injury to the defendant from this particular remark. Taylor v. Commonwealth, 274 Ky. 702, 120 S.W.2d 228.

The judgment is affirmed.